UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NANCY CALHOUN, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF RICHARD G. CALHOUN, DECEASED, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Case Number _____ |
| AAA LIFE INSURANCE COMPANY, | § § § | |
| *Defendant.* | § | |

## AAA LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL

AAA Life Insurance Company ("AAA") files its Notice of Removal of the above-styled action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), and would show the Court as follows:

**A.    INTRODUCTION & BASIS FOR REMOVAL.**

1.    Plaintiff Nancy Calhoun, Individually and as Independent Executrix of the Estate of Richard G. Calhoun, Deceased ("Plaintiff"), a resident of Texas, brought suit against AAA as cause number 96-290053-17, styled *Nancy Calhoun, et al. v. AAA Life Insurance Company*, and pending in the 96th Judicial District Court of Tarrant County, Texas (the "State Court Action"). AAA is a foreign corporation, with its place of incorporation being Michigan, and its principal place of business is 17900 North Laurel Park Road, Livonia, Michigan 48152. By the instant action, Plaintiff seeks to recover life insurance proceeds. Specifically, Plaintiff seeks to recover $200,000.00 in life insurance benefits as a result of the death of Richard G. Calhoun ("Calhoun") under policy number 4028538777 (the "policy"). As more fully discussed *infra*, Plaintiff filed the State Court Action on or about January 18, 2017, and purportedly served AAA through its registered agent for service of process on January 26, 2017.

2.     Pursuant to 28 U.S.C. § 1441, AAA seeks to remove the State Court Action to the federal district court for the Northern Division of Texas on the basis of complete diversity and as Plaintiff seeks damages well in excess of $75,000.00.  As such, the requirements for removal have been satisfied and same is proper under the Federal Rules of Civil Procedure.

**B.     PLAINTIFF'S ALLEGATIONS**

3.     In the original petition (*i.e.*, live pleading) filed in the State Court Action, Plaintiff sets forth the following allegations and assertions:

### II.

> 2.1    [Plaintiff] is an individual who resides at 5600 Joshua Court, Mansfield, Texas 76963 in Tarrant County.
>
> 2.2    *[AAA] is a foreign corporation*. . . . .
>
> ### III.
>
> 3.1    *[AAA] is a foreign corporation*.  [The state court] has jurisdiction over [AAA] because it is authorized to do business in Texas, and this suit arose from [AAA's] business transactions in Texas.  [The state court] has jurisdiction over the subject matter of this case because the amount in controversy exceeds [the state court's] minimum jurisdictional limit.  ***Plaintiff seeks monetary relief over $200,000*** but not more than $1,000,000.
>
> \*          \*          \*
>
> 4.1    [AAA] issued a life insurance policy in June 2015 on the life of the Plaintiff's husband, Richard Calhoun [("Calhoun")]. . . . .
>
> 4.2    [Calhoun] passed away on December 4, 2015.  After [Calhoun] died, Plaintiff submitted her claim to [AAA] for payment of the insurance proceeds.  The claim was, however, denied.
>
> 4.3    On the date of [Calhoun's] death, the premiums had been paid and to the understanding of the Plaintiff were current.  The premiums had been paid for by community property funds.  The policy was issued in the State of Texas, and all conditions required

> for the contract to be in full force and effect on the date of [Calhoun's] death had been met.
>
> 4.4   [AAA's] failure to pay the claim under the Contract has caused the Plaintiff to suffer damages in the amount of the insurance policy.  ***The face value of the policy was in the amount of $200,000.00 for which Plaintiff sues herein***.
>
> \*          \*          \*

[The original petition is incorporated as if fully set forth herein, and is attached and referred to as "**Exhibit B**" (emphasis added)].[1]

## C.   THE STATUTORY RULES GOVERNING REMOVAL

4.   Any civil action brought in a state court of which the federal district courts have original jurisdiction may be removed to the proper federal court.  28 U.S.C. §1441(a).  Under Section 1446(a) of Title 28, a defendant seeking to remove a civil action from a state court is required to file a notice of removal which contains a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the defendant in such action.  *See* 28 U.S.C. §1446(a).  Moreover, the notice of removal must satisfy the procedural requirements set forth in Section 1446, which are, in relevant part, as follows:

> (b)   Requirements; generally.
>
> > (1)   The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> \*          \*          \*

---

[1]  Pursuant to Local Rule 3.1 of the Northern District the civil case cover sheet and separately signed certificate of interested persons is attached and referred to as "**Exhibit A**."

    (c)    Requirements; removal based on diversity of citizenship.

        (1)    A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 [28 USCS § 1332] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

        (2)    If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 USCS § 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, . . .

28 U.S.C. § 1446(b) & (c).

5.    Additionally, the defendant must, after filing the notice of removal, promptly provide written notice of the notice to all adverse parties. *See* 28 U.S.C. § 1446(d). Further, the removing party bears the burden of demonstrating that federal jurisdiction exists and that removal was procedurally proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Generally, a defendant must file a notice of removal within thirty days from the time the defendant receives an "initial pleading setting forth the claim for relief[.]" 28 U.S.C. § 1446(b)(1). Moreover, the thirty day period "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the pleading is seeking damages in excess of the jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

**D.**    **THIS REMOVAL COMPLIES WITH THE STATUTORY REQUIREMENTS**

    *(i)*    *AAA Filed Its Notice of Removal within Thirty Days*

6.    Again, Plaintiff filed her lawsuit on January 18, 2017. [Exhibit B.] The registered agent for service of process, C T Corporation System, was served on January 26, 2017. [The service of process transmittal record generated by C T Corporation System is

incorporated as if fully set forth herein, and is attached and referred to as "**Exhibit C**"]. Hence, the thirtieth day following January 26, 2017, is Saturday, February 25, 2017; and in keeping with Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the last day for AAA to timely file its notice of removal is Monday, February 27, 2017.  As such, AAA has filed its notice of removal in compliance with the thirty day requirement set forth in 28 U.S.C. § 1446(b)(1).

*(ii)   Complete Diversity Exists*

7.   In order for AAA to remove the lawsuit brought by Plaintiff – and for the federal court to exercise jurisdiction – fundamentally, there must diversity between the parties:

> (a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
> (1)   Citizens of different States; . . .

28 U.S.C. § 1332(a)(1).

8.   In her original petition, Plaintiff judicially admits that she is a resident of Texas and that AAA is a foreign corporation – that is, AAA is a resident of a state different than that of Texas.  [*See* Exhibit B.]  In this regard, AAA is incorporated in Michigan, with its principal place of business located at 17900 North Laurel Park Drive, Livonia, Michigan 48152.  As such, complete diversity exists as required under 28 U.S.C. § 1446(c)(1), and as defined by 28 U.S.C. § 1332.  Accordingly, AAA has satisfied the diversity requirement for purposes of removal of the state court action to the federal district court.

*(iii)   The Amount in Controversy Exceeds $75,000.00*

9.   Numerous times in the original petition Plaintiff expressly states that she seeks to recover $200,000.00:

> 3.1    . . . . ***Plaintiff seeks monetary relief over $200,000*** but not more than $1,000,000.

* * *

> 4.4     [AAA's] failure to pay the claim under the Contract has caused the Plaintiff to suffer damages in the amount of the insurance policy. ***The face value of the policy was in the amount of $200,000.00 for which Plaintiff sues herein***.

10.    As is apparent, the amount in controversy greatly exceeds $75,000.00, exclusive of costs and interest, and in satisfaction of the requirement set forth in 28 U.S.C. § 1446(c)(2) and 28 U.S.C. § 1332. Thus, AAA has likewise satisfied the minimum amount in controversy requirement for removal to the federal district court.

**E.    VENUE IS PROPER IN THE NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION**

11.    Venue is proper in the Northern District of Texas – Fort Worth Division – under 28 U.S.C. § 1441(a) because the Northern District and division encompass the place where the removed action has been pending. Specifically, under both the general venue statute (28 U.S.C. § 1391(b)) and the venue mandate set forth in 28 U.S.C. § 1441(a):

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

12.    Accordingly, venue of the removed action is properly located in the United States District Court for the Northern District of Texas.

**F.    MISCELLANEOUS ISSUES**

13.    AAA has attached copies of all pleadings, process, orders, and other filings in the state court action as required by 28 U.S.C. § 1446(a). [*See* Exhibit D.]

14.    AAA will promptly give both the trial court and Plaintiff written notice of the removal after the filing of its notice of removal as required under 28 U.S.C. § 1446(d).

15. The attorneys, trial court and state district court judge involved in the action being removed are listed as follows:

| | |
|---|---|
| *Plaintiff*: | Nancy Calhoun, Individually and as Independent Executrix of the Estate of Richard G. Calhoun, Deceased |
| *Counsel for Plaintiff*: | John B. Grissom, Esquire<br>Texas State Bar No.: 24092457<br>jgrisson@asdh.com<br>Allen, Stein & Durbin, P.C.<br>6243 IH-10 West, 7th Floor<br>P.O. Box 101507<br>San Antonio, Texas 78201<br>Main Line: (210) 734-7488<br>Facsimile: (210) 738-8036 |
| *Defendant*: | AAA Life Insurance Company |
| *Counsel for Defendant:* | Gregory R. Ave<br>Texas State Bar No.: 01448900<br>AveEdocsNotifications@wbclawfirm.com<br>Matt Montgomery<br>Texas State Bar Number 24041509<br>Jay R. Harris<br>Texas State Bar No.: 00793907<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower, Suite 1500<br>10440 North Central Expressway<br>Dallas, Texas 75231<br>Telephone: (214) 347-8310<br>Facsimile: (214) 347-8311 |
| *Trial Court*: | Honorable Judge R.H. Wallace, Jr.<br>96th Judicial District Court of<br>Tarrant County, Texas<br>Tom Vandergriff Courts Building<br>100 North Calhoun Street, 4th Floor<br>Fort Worth, Texas 76196<br>Telephone (817) 884-2685 |

## PRAYER

16.   WHEREFORE, PREMISES CONSIDERED, Defendant AAA Life Insurance Company requests the federal District Court grant the removal of the State Court Action and proceed with the handling of this matter as if it had been originally filed with the Court, the Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the State Court Action to this Court, and for such other and further relief to which it is justly entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

By: */s/ Gregory R. Ave*
    Gregory R. Ave
    Texas State Bar Number 01448900
    Matt L. Montgomery
    Texas State Bar Number 24041509
    Jay R. Harris
    Texas State Bar Number 00793907
    AveEdocsNotifications@wbclawfirm.com
    MontgomeryVFax@wbclawfirm.com
    Meadow Park Tower, Suite 1500
    10440 North Central Expressway
    Dallas, Texas 75231
    Facsimile Number (214) 347-8311
    Telephone Number (214) 347-8310

    ATTORNEYS FOR DEFENDANT AAA LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

       On February 24, 2017, a true and correct copy of the foregoing instrument was served on all counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

| | |
|---|---|
| John B. Grissom, Esquire | **Via Facsimile: (210) 738-8036** |
| Allen, Stein & Durbin, P.C. | **and Via E-mail:** jgrissom@asdh.com |
| P.O. Box 101507 | |
| San Antonio, Texas 78201 | |

ATTORNEY FOR PLAINTIFF

                              */s/ Gregory R. Ave*
                                Gregory R. Ave